IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL CAOUETTE,

    Plaintiff,

vs.                           No. CV 17-0523 RB/KRS

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER

    Defendants.

## MEMORANDUM OPINION AND ORDER REMANDING STATE LAW CLAIMS TO STATE COURT

**THIS MATTER** is before the Court on the Complaint (Tort) filed by Plaintiff Daniel Caouette (Doc. 1-2), the Notice of Removal by Defendant Bernalillo County Metropolitan Detention Center (Doc. 1), and Defendant Bernalillo County Metropolitan Detention Center's Motion to Dismiss (Doc. 3). The Court grants the Motion to Dismiss in part, dismisses any federal claims, and remands Plaintiff Caouette's state law claims to the State of New Mexico, County of Bernalillo, Second Judicial District Court.

Plaintiff Daniel Caouette filed his Complaint (Tort) in the Second Judicial District Court on February 16, 2017. (Doc. 1-2.) The case was removed from the Second Judicial District Court to this Court by the Defendant, Bernalillo County Metropolitan Detention Center (BCMDC) on May 4, 2017. (Doc. 1.) BCMDC then filed its Motion to Dismiss on May 10, 2017. (Doc. 3.) In response to the Motion to Dismiss, Plaintiff Caouette initially filed a Motion to Amend Complaint on May 30, 2017. (Doc. 6.) Caouette then filed a Motion to Amend and Remand on June 19, 2017. (Doc. 11.)

Caouette's Complaint asserted jurisdiction in the Second Judicial District Court under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1–-30. (Doc. 1-2 at 1, ¶ 2.) His Complaint

1

alleges "cruel and unusual punishment while in medical segregation, false imprisonment and the violation of amendments 5 and 6." (Doc. 1-2 at 1, ¶ 1.) Defendant BCMDC timely removed the case to this Court on the grounds that Caouette's allegations of Fifth and Sixth Amendment violations constitute federal civil rights claims under 42 U.S.C. § 1983. (Doc. 1 at 1–2.)

BCMDC sought to dismiss Plaintiff Caouette's Complaint on four grounds: (1) because BCMDC is not a suable entity; (2) because there is no respondeat superior liability for federal civil rights claims; (3) because there is no waiver of immunity for Plaintiff's claims under the New Mexico Tort Claims Act; and (4) because Plaintiff failed to give the required notice under the Tort Claims Act. (Doc. 3 at 3–8.)

Plaintiff Caouette initially responded to the Motion to Dismiss by filing a Motion to Amend Complaint. (Doc. 6.) In his Motion to Amend, Caouette stated that he did not intend to sue a "non person" and asked to substitute the Warden and Staff at BCMDC as Defendants. (*Id.*) Caouette subsequently filed a Motion to Amend and Remand, effectively withdrawing his request to substitute the Warden and Staff, contending that he wants to proceed against BCMDC under the New Mexico Tort Claims Act, and asking that the Court remand this case to the Second Judicial District Court. (Doc. 11).

**1. Plaintiff Caouette's Federal Claims:** 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). 42 U.S.C. § 1983 states:

> "Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected,

> any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

42 U.S.C. § 1983 (emphasis added).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

A civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Id.* Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

Only a "person" may be held liable under the provisions of § 1983. BCMDC is a not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against BCMDC under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–64 (1989). Further, Caouette's Complaint does not make any factual allegations of conduct by any identified government official resulting in the alleged constitutional violation. *Fogarty*, 523 F.3d at 1162;

*Robbins*, 519 F.3d at 1249–50. The allegations of the Complaint do not state a federal claim for relief under 42 U.S.C. § 1983, the Court will grant BCMDC's Motion to Dismiss, in part, and any federal claims will be dismissed. *Ashcroft*, 556 U.S. at 676; *Will*, 491 U.S. at 63–64.

**II. Plaintiff Caouette's State-Law Claims:** Plaintiff Caouette originally filed his Complaint in the Second Judicial District Court of the State of New Mexico. In his Motion to Amend and Remand, he contends that he is proceeding under the New Mexico Tort Claims Act. (Doc. 11.) Caouette asks that the case be remanded to the Second Judicial District Court to allow his state-law claims to proceed. (Doc. 11 at 5.) Caouette's request to remand is untimely under 28 U.S.C. § 1447(c). However, the Court will decline to exercise supplemental jurisdiction over Caouette's state-law claims and will remand the case to the Second Judicial District Court.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006).

The Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties. *United Mine Workers of Am. v. Gibbs*, 383 U.S. at 726. When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n*,

149 F.3d 1151, 1156 (10th Cir. 1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff Caouette's remaining state-law claims, will deny BCMDC's Motion to Dismiss to the extent it seeks dismissal of Plaintiff's claims under the New Mexico Tort Claims Act, and will remand this proceeding to state court for adjudication of those state-law claims.

**IT IS ORDERED:**

(1) The Motion to Dismiss filed by Defendant Bernalillo County Metropolitan Detention Center is **GRANTED** in part as to Plaintiff Caouette's federal civil rights claims and is **DENIED** in part as to Plaintiff's state-law claims;

(2) All federal claims asserted by Plaintiff in his Complaint are **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6);

(3) Plaintiff Caouette's Motion to Appoint Counsel (Doc. 5), Motion to Amend Complaint (Doc. 6), and Motion to Amend and Remand (Doc. 11) are **DENIED** as moot;

(4) the Court declines to exercise supplemental jurisdiction over Plaintiff Caouette's state-law claims under 28 U.S.C. § 1367; and

(5) This case is **REMANDED** to the State of New Mexico, County of Bernalillo, Second Judicial District Court for adjudication of Plaintiff Caouette's state-law claims.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE